**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0479-22

JESAN CONSTRUCTION
GROUP, LLC,

      Plaintiff-Respondent,

v.

3125-3129 SUMMIT
AVENUE, LLC,

      Defendant-Appellant.

_____

Submitted February 13, 2024 – Decided March 25, 2024

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0977-22.

Kipp & Allen, LLC, and Peckar & Abramson, PC, attorneys for appellant (Alan Winkler and Richard J. Allen, Jr., on the briefs).

O'Toole Scrivo, LLC, attorneys for respondent (Anthony D. Capasso and Richard Brant Forrest, of counsel and on the brief; Adam W. Flannery, on the brief).

PER CURIAM

Defendant, 3125-3129 Summit Avenue, LLC, appeals from an August 30, 2022 order and judgment entered by Judge Veronica Allende, confirming an arbitration award, in the amount of $433,690.82, issued in favor of plaintiff Jesan Construction Group, LLC. Judge Allende issued a thorough written opinion with the order and judgment, which we affirm.

Defendant owned the property at 3125-3129 Summit Avenue, Union City. On July 28, 2015, defendant contracted with plaintiff to perform concrete and masonry work at the property. Work began in September 2015, and, in January 2016—having performed the work required to that point—plaintiff requested payment. No payment was made. Defendant then sent plaintiff a Notice of Termination, advising defendant would pay for work completed prior to termination.

Litigation ensued. On August 19, 2020, the parties entered into an agreement to arbitrate and designated Robert Margulies as the arbitrator. The parties consented to Margulies's serving as both mediator and arbitrator, notwithstanding the court's decision in Minkowitz v. Israeli, requiring these roles be separated. See 433 N.J. Super. 111, 142 (App. Div. 2013). Instead, under an exception articulated in Minkowitz, the parties expressly consented to

Margulies's dual role. During mediation, Margulies did not receive any confidential information, nor was any confidential information withheld from the parties. The initial mediation failed, and the parties proceeded to arbitration.

The parties exchanged discovery, with the arbitrator overseeing discovery and resolving any discovery disputes. An arbitration hearing was held in February 2022. During arbitration, there was an issue whether plaintiff received a duplicate payment of $115,650 from defendant. Defendant issued two checks—one check numbered 1425 was returned for insufficient funds—only one check cleared. Plaintiff's bank produced a record showing check 1425 returned as unpaid due to insufficient funds. Prior to the final arbitration hearing and after the close of discovery, defendant requested plaintiff's bank statement. The arbitrator denied defendant's request.

On March 2, 2022, the arbitrator issued an award in favor of plaintiff for $315,849 as the amount due for work performed; $99,031.82 for interest; and $18,810 for attorney's fees—for a total arbitration award of $433,690.82. The arbitrator found plaintiff was due payment, defendant presented no evidence the work completed was defective so as to not require payment, and plaintiff never received the payment connected to check 1425. The arbitrator also was

3

satisfied the billing back-up and rates were reasonable and customary. Additionally, the arbitrator found there was no written statement identifying the reason for withholding payment, as required under the New Jersey Prompt Payment Act, N.J.S.A. 2A:30A-1 to -2 (the Act). Defendant moved before the arbitrator to vacate the award. In denying defendant's application, the arbitrator provided additional comments in support of his award.

Plaintiff filed an order to show cause to confirm the award, and defendant moved to vacate, asserting the award did not account for payments it made to plaintiff. Defendant also argued plaintiff was not prompted to produce its bank statements for the period those payments would have been issued and that the arbitrator disregarded plaintiff's default on the underlying contract. Finally, defendant challenged the interest and attorney's fees included in the award.

On August 30, 2022, Judge Allende issued a Final Order and Judgment, for $433,690.82, including plaintiff's attorney's fees. This appeal followed.

"[T]he decision to vacate an arbitration award is a decision of law[ and] this court reviews the denial of a motion to vacate an arbitration award de novo." Minkowitz, 433 N.J. Super. at 136 (citation omitted). We review whether the trial court and arbitrator appropriately adhered to the controlling

statute's requirements when considering vacating an order confirming an arbitration award.

To promote arbitration as a judicially efficient dispute-resolution method, New Jersey law strongly favors enforcing arbitration awards and grants such awards considerable deference. Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013). As such, "arbitration awards are given a wide berth, with limited bases for a court's interference." Ibid. "[W]hen a court reviews an arbitration award, it does so mindful of the fact that the arbitrator's interpretation of the contract controls." Ibid.

Arbitrators have "broad discretion over discovery and other procedural matters to 'conduct an arbitration in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding.'" Minkowitz, 433 N.J. Super. at 144 (quoting N.J.S.A. 2A:23B-15(a)). The arbitrator is empowered to determine "the admissibility, relevance, materiality, and weight of any evidence." N.J.S.A. 2A:23B-15(a).

Additionally, an "arbitrator's factual determinations concerning the merits of the dispute submitted to him are not reviewable by the court." Ukranian Nat'l Urb. Renewal Corp. v. Joseph L. Muscarelle, Inc., 151 N.J. Super. 386, 396 (App. Div. 1977). However, the "legal conclusions may be

A-0479-22

scrutinized only to determine" whether the statutory requirements to vacate are met. Ibid.

N.J.S.A. 2A:23B-23 provides that an arbitration award should be vacated pursuant to certain enumerated conditions. For example, a "court shall vacate an award made in the arbitration proceeding if . . . the award was procured by corruption, fraud, or other undue means." N.J.S.A. 2A:23B-23(a).

Moreover, we ordinarily do not consider issues not raised at the trial court level if they are not jurisdictional in nature or substantially implicate public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). When we consider an issue not raised below, we apply the "plain error" standard which provides for relief only if the error was "clearly capable of producing an unjust result." R. 2:10-2.

Defendant argues the arbitrator erred because he did not articulate the cause of action upon which the award was granted. Defendant also argues the award was contrary to the terms of the parties' agreement because liability was not determined in accordance with New Jersey law. Further, defendant argues there was no privity of contract between plaintiff and defendant, and the arbitration ran afoul of the parameters of Minkowitz. In sum, defendant argues

6

the arbitrator erred as a matter of both fact and law in awarding recovery against it.

In "private-sector arbitration[,] an arbitrator's determinations of a legal issue should be sustained as long as the determination is reasonably debatable." Tretina Printing v. Fitzpatrick & Assocs., 135 N.J. 349, 357 (1994). A court may vacate an arbitrator's award based on "undue means" if the arbitrator "embraced egregious mistakes of law." Id. at 356. The required inquiry goes beyond whether "a mere mistake occurred." Minkowitz, 433 N.J. Super. at 150. "[T]he error, to be fatal, must result in a failure of intent or be so gross as to suggest fraud or misconduct." Id. at 151 (quoting Tretina, 135 N.J. at 357).

We reject defendant's argument that the arbitrator did not articulate under which cause of action the award was granted. Plaintiff sought payment pursuant to a contract because defendant failed to make the last payment for work performed. The arbitrator entered an award in favor of plaintiff based on its claim under the Act. See N.J.S.A. 2A:30A-2. We are satisfied the arbitrator articulated the cause of action as the failure to pay for work performed under the Act. The Act requires a "contractor [who] has performed

7

in accordance with the provisions of a contract with the owner . . . shall [be] pa[id] the amount due." N.J.S.A. 2A:30A-2(a).

We also reject defendant's privity argument. There is, indeed, sufficient credible evidence to establish that there is a contractual relationship between the parties. Defendant conceded contractual privity, stating in its answer that it "admits to the allegations of paragraph [six]" of the complaint which purported that in 2015 a member of the plaintiff and a member of appellant "on behalf of his compan[y] . . . 3125-3129 Summit Ave., LLC . . . signed a contract."

We also reject the argument the arbitrator erroneously awarded a duplicate payment to plaintiff. The arbitrator found "a review of . . . statements and the actual check clearly demonstrates that those funds were never received by [plaintiff]." This finding was clearly supported by evidence as the bank records showed check 1425 was not paid. There was a withdrawal associated with check 1425, but the same records showed check 1425 as a returned item. The evidence indicated the check was not paid or reissued. Check 1425 was returned to defendant, and plaintiff's bank issued a letter to plaintiff, stating that, although check 1425 had been initially deposited, it was

returned as unpaid due to insufficient funds, and the funds had been debited from plaintiff's bank account.

We reject defendant's assertion the arbitrator "held the two parties to different standards" by accepting testimony from the plaintiff without supporting documentation, while requiring documentation from defendant to credit its position.

Overall, defendant's arguments contest factual findings made by the arbitrator or his application of the facts. Factual determinations concerning the merits of a dispute, however, are not reviewable. See Ukrainian Nat., 151 N.J. Super. at 396. Nothing in the record demonstrates the arbitrator ignored the law, and all fact findings were supported by the record.

Additionally, we reject defendant's argument that production of plaintiff's bank statements would have shown check 1425 was indeed paid. Defendant argues the arbitrator erred in not requiring the records be produced, as plaintiff's bank statements would show two deposits in the amount of $115,650 in November 2015 and that evidence was material to the dispute. Defendant's request for bank statements, however, came right before the arbitration hearing and after discovery had closed. Arbitrators are vested "with broad discretion over discovery and other procedural matters." Minkowitz,

9

433 N.J. Super. at 144. Here, the arbitrator acted within the bounds of his discretion in denying defendant's request.

We also reject defendant's newly minted argument the arbitration ran afoul of this court's admonition in Minkowitz that the integrity of an arbitration is called into question if the same person acts as the mediator and arbitrator, and, thus, the arbitrator erred by treating the mediation and arbitration conterminously. Defendant asserts the arbitrator relied upon, and impermissibly considered, a mediation statement letter not in evidence in the arbitration. Defendant contends that, although the parties agreed to the Minkowitz waiver allowing the same person to act as both arbitrator and mediator, they did not agree to have all submissions from the mediation be considered in the arbitration.

This issue was not raised before the trial judge, and, as such, it is reviewed for plain error. R. 2:10-2. We conclude it is not sufficient to vacate the award. The parties expressly consented to Margulies's serving as both mediator and arbitrator. In Minkowitz, our Supreme Court held an individual can serve as both under such an exception. An arbitrator has the authority to "determine the admissibility, relevance, materiality, and weight of any

10

evidence." N.J.S.A. 2A:23B-15. The letter in question was neither a confidential document nor the basis for the award.

Any remaining arguments raised by the parties are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11